IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:13-CR-126 |
| | § | |
| JOSEPH R. GABOUREL | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 7, 2014, alleging that the Defendant, Joseph R. Gabourel, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on April 19, 2006, before the Honorable Gary Fenner, United States District Judge for the Western District of Missouri, after pleading guilty to the offense of use of interstate facility to attempt to entice a minor to engage in illegal sexual activity, a Class B felony. This offense carries a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. The Defendant was sentenced to 66 months' imprisonment followed by 5 years of supervised release subject to the standard conditions of

release, plus special conditions to include: drug aftercare, mental health aftercare, sex offender aftercare, sex offender registration, no unsupervised contact with minors, home detention, no contact with porn or matters that depicts or alludes to sexual activity, no computer access, and a $100 special assessment.

## II.  The Period of Supervision

On July 9, 2010, the Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas.  On October 3, 2011, the Defendant's conditions of supervision were modified to include that he shall be placed on home detention with electronic monitoring for a period not to exceed 180 days.  On June 14, 2013, Gabourel's conditions were again modified to include that the Defendant shall be placed on home detention with electronic monitoring for a period not to exceed 60 days.  Gabourel's case was reassigned to U.S. District Judge Thad Heartfield on December 30, 2013.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on January 7, 2014, alleging that the Defendant violated a special condition of release by possessing or having under his control matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18, including but not limited to, any matter obtained through access to any computer or any material linked to computer access or usage, to wit: on December 2, 2013, Joseph R. Gabourel admitted to using his cell phone to send his 57 years old girlfriend a nude photo of himself in a text message.  He also admitted to receiving several cell phone text messages from his girlfriend which included nude photos of her.

## IV. Proceedings

On January 14, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a condition of supervised release by possessing or having under his control matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under age 18, including but not limited to, any matter obtained through access to any computer or any material linked to computer access or usage.

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment, with a twelve (12) month term of supervised release to be imposed after release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by possessing or having under his control matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under age 18, including but not limited to, any matter obtained through access to any computer or any material linked to computer access or usage, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the Court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of

imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated a condition of supervision by possessing or having under his control matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under age 18, including but not limited to, any matter obtained through access to any computer or any material linked to computer access or usage. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is II. Policy guidelines suggest 4 to 10 months' imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eight (8) months' imprisonment, with a twelve (12) months term of supervised release to follow.

## VII. Recommendations

1. The Court should find that the Defendant violated a mandatory condition of supervised release by possessing or having under his control matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under age 18, including but not limited to, any matter obtained through access to any computer or any material linked to computer access or usage.

2.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3.  The Defendant should be sentenced to a term of imprisonment of eight (8) months, with a twelve (12) month term of supervised release to follow.

4.  The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Seagoville, Texas. The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 17th day of January, 2014.

_____
Zack Hawthorn
United States Magistrate Judge